*R. P. Lowe*, for plaintiff in error.

*J. C. Hall*, for defendant.

———o • •———

SIMONS *et al. v.* MARSHALL.

The complaint in an action of unlawful detainer, is good, if it avers in substance all the facts required by statute.

Parole evidence admissible to show that a party known as G. W. T., signed a lease in the name of E. H. T., and was in possession by virtue of that lease.

Where the payment of rent monthly in advance was stipulated as a condition of the lease, a failure to so pay the rent is a forfeiture of the lease.

A tenant cannot deny his landlord's title ; nor justify an unlawful detainer by showing fraud in the lease.

ERROR *to Lee District Court.*

*Opinion by* GREENE, J. This was an action of unlawful detainer by S. T. Marshall against A. H. Simons and G. W. Turner to recover possession of a house and lot in Keokuk. The complaint was filed before a justice of the peace

Simons *v.* Marshall.

in the usual form. The venue was twice changed, and the cause finally submitted to a jury, who returned a verdict in favor of the plaintiff, and judgment was rendered accordingly.

The defendant took an appeal to the district court where judgment was again rendered against the defendants. On the trial many exceptions were taken to the instructions and rulings of the court which are now urged as error.

1. A number of the errors assigned are in relation to the form of the complaint, but as it seems to be in substantial conformity to the statute, and contains all the material averments required, we think the objections urged are not well founded and were very properly overruled by the court. It was decided by this court in *Shaw* v. *Jordan*, 2 G. Greene, 376, that such a complaint is good where it contains all the averments of facts required by statute.

2. It is objected that there was error in admitting the lease which was signed "A. H. Simons and E. H. Turner," in evidence against G. W. Turner, and in admitting parole evidence to show that said G. W. Turner was the person who signed the lease as E. H. Turner. In support of this objection the principle is advanced that it is not competent to alter or vary an instrument under seal by parole evidence. But how was that instrument varied or changed by the proof offered? There was no change made to any term, condition or obligation in the lease. The proof only identifies one of the parties who signed the lease as being one of the parties in wrongful possession. The fact that he did not sign his true name would not release him from the obligation created by the fact that he did sign as lessee, and went into possession under the lease. He could not justify a wrongful holding over by his own misnomer. A party cannot thus take advantage of his own wrong.

3. It is objected that the time for which the premises were let had not expired. The lease stipulated that the tenants "deliver the said house up to said S. T. Marshall at any

time on demand, in case the rent is not paid in advance waiving all process at law." The bill of exceptions shows that the tenants had failed to pay the rent, and that they had forfeited all rights under the lease. The principal condition upon which they were to retain possession was the payment of rent monthly in advance. A failure to so pay the rent forfeited their right of possession.

4. All the other errors assigned are involved in the question—Can a tenant deny his landlord's title? As a general rule it is conceded that a landlord's title cannot be disputed by his tenant but it is urged that this case is an exception to that rule. And why an exception? Because, it is said, there was fraud exercised in obtaining the written lease ; that the landlord pretended to have legal title when in fact he had no such title. This amounts to nothing more than an attempt to dispute his title without attempting to show that the title which they acknowledged had terminated either by conveyance or operation of law, and was vested in them.

The fact that the court did not permit that defendant below to show fraud in the lease was not erroneous, even if the matter of fraud did not involve the question of title. Fraud in the lease will not justify an unlawful detainer. They first attempt to justify their possession under the lease on the ground that the term had not expired, and then claim that the same lease was fraudulent. If fraudulent and void they, of course, could claim no rights under it, nor would that fact warrant them in holding over. One wrong cannot be thus warranted by another. We conclude then that fraud in the execution of a lease cannot be set up by the tenants in justification of an unlawful detainer of the premises.

Judgment affirmed.

*L. E. H. Houghton,* for plaintiff in error.

*J. C. Hall,* for defendant.